**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**September 15, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

In re:

DAVID EARL FLOWERS,

      Movant.

No. 14-6179
(D.C. No. 5:97-CV-00532-C)
(W.D. Okla.)

## ORDER

Before **GORSUCH**, **EBEL**, and **MATHESON**, Circuit Judges.

David Earl Flowers has filed a motion for authorization to file a second or

successive 28 U.S.C. § 2254 habeas petition. Because he has not met the standards

for authorization in 28 U.S.C. § 2244(b)(2), we deny the motion.

Mr. Flowers was convicted of two counts of murder in the first degree, one

count of conspiracy to commit robbery and one count of attempted robbery. He was

sentenced to two life sentences. He appealed, and the Oklahoma Court of Criminal

Appeals affirmed in part and dismissed in part. Mr. Flowers subsequently filed a

§ 2254 habeas petition in federal court. The district court denied the petition, and he

did not appeal from that decision.

Mr. Flowers now seeks authorization to file a second or successive § 2254

petition. In his motion for authorization, he checked a box indicating that his new

claim relied on a "'new rule of law.'" Mot. for Auth. at 9. That phrasing

corresponds to the standard in § 2244(b)(2)(A), which permits authorization when a

new claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Mr. Flowers, however, did not identify the case or provide a case citation to support his contention that his claim relied on a new rule of law. *See* Mot. for. Auth. at 9. The only new case that he identifies in his proposed district court filing is *Logan v. State*, 293 P.3d 969 (Okla. Crim. App. 2013). *See* Attach. to Proposed Filing at 2. But the *Logan* decision fails to meet all of the requirements of § 2244(b)(2)(A).

As the Supreme Court explained in *Tyler v. Cain*, 533 U.S. 656, 662 (2001):

> [Section 2244(b)(2)(A)] establishes three prerequisites to obtaining relief in a second or successive petition: First, the rule on which the claim relies must be a "new rule" of constitutional law; second, the rule must have been "made retroactive to cases on collateral review by the Supreme Court"; and third, the claim must have been "previously unavailable."

We need not address the first or third requirements because the *Logan* decision fails to meet the second requirement; the Supreme Court has not made the *Logan* decision retroactive to cases on collateral review.

For the foregoing reasons, we deny the motion. This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for

a writ of certiorari."  28 U.S.C. § 2244(b)(3)(E).

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT
## OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker
Clerk of Court

September 15, 2014

Chris Wolpert
Chief Deputy Clerk


Mr. David Earl Flowers
# 231086
Davis Correctional Facility
6888 East 133rd Road
Holdenville, OK 74848-9033


**RE:     14-6179, In re: Flowers**
          Dist/Ag docket: 5:97-CV-00532-C

Dear Movant:

Enclosed please find an order issued today by the court.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court


cc:     E. Scott Pruitt


EAS/sls